Good afternoon may please this honorable court Jess Marchese appearing on behalf of Mr. Deonte Reed This is an appeal from the trial is basically the exact same facts and circumstances of the last case. Mr. Jackson is actually Mr. Reed's half-brother on his maternal side We raised three issues in our brief here your honors the first went to the issues of those multiple specific instances of Contacts with the criminal justice system, which Mr. Reed had in this case And our argument is is that this evidence came in incorrectly as predisposition evidence Now the timeline on this case why isn't why isn't that a good argument? I mean, it's if you want to prove predict you raise entrapment. They want to prove predisposition Why can't you introduce prior bad acts? Our argument is that these Many of these acts were not prior bad acts there actually happened after The I take your point on that, but I mean you you can see that some of the acts should have been admitted Yes under other theories of law There was one instance which my client took a I believe was a Taurus pistol from a residence and I believe that that could come in under the preparation Theory under character evidence that was the that was the home invasion It was conducted within I think within a month of this incident. Yes, it was about a month before it was a Gentleman that was serving in the Air Force and claim the claim was that he felt he needed an additional pistol to pull this To pull this job off and that's why he that's why he had the home the home invasion You are correct in that yes, your honor are there any of the are there any other pre Crime incidents that you can test. Yes, some of these other pre incidences which came up there was a Well, actually it was a robbery in which my client pled guilty to a gross misdemeanor conspiracy charge in which he Had the allegation was that he? Conspired to rob someone and that would came in at the trial that occurred in February I believe of 2008 And that was one of the issues and then there was also the other Instances which kind of goes into my second argument There were 16 felonies that my client pled guilty to in state court Which came in as well, which I believe that the government used to use as predisposition evidence and against us for our trapment argument now Like I said, it goes into our second argument that this is I believe is an area of unsettled law within this circuit. I was unable to find a case right on point the government pointed to a case where the allowed a Defendant at trial However, the area of a guilty plea to be used as impeachment at trial is in the area that is unsettled now The issue that's before the court now is whether or not that was proper to allow that in for impeachment purposes Because it's unsettled it leaves me a little bit of latitude to argue in front of your honors one of the arguments that I would make is the difference between an actual guilty verdict and I would submit to the court is this was 16 felonies Basically my client I did not handle the case, but my client pled guilty in state court to the entire sheet There was no offer. He the entire information is what he pled guilty to I Personally told him that he should probably try to go ahead and withdraw that guilty plea now He never did there was no motion that he filed However, he never went ahead and did that but at the same time He still had the ability at the time that he was in trial in the federal district court to petition the state District Court to go ahead and do that So that's where I think that the the difference between the actual guilty verdict and the guilty plea come into play Edition well, I could ask you a question, please sure on that difference. Why wouldn't that just go to wait? In other words, why couldn't the government? introduced evidence of a plea but the defendant if he wanted to contradict it say don't give it much weight because we it's not a conviction and we have a right to Seek at it withdrawn or whatever So the question is is that And when it's brought up in trial the the defendant can then argue that We still have that remedy to go ahead and withdraw the guilty plea Yeah, well, why shouldn't it be admissible to show disposition? subject to whatever arguments Are presented on the other side that it shouldn't be given so much weight. I Believe that that's twofold your honor first My argument is that many of it wasn't predisposition because it was these incidents happened after the contact with the informant of the government in April of 2008 that's number one and then secondly I Still believe that it's very it's overly prejudicial to hear that because if he still does have that remedy It's the old cliche and saying in courts that you can't unring the bell that he pled guilty to 16 separate felonies, that's a that's a huge criminal liability in which the jury would hear and then you know They're hearing that and whether there's a limiting instruction or whatever is argued. It's still very prejudicial to him Well leaving aside the his potential ability to withdraw the plea Why do you think a plea is any different from a verdict conceptually? I? Um, well, I'm not the business of Speaking poorly about other attorneys. However, my advice to mr. Reed cash trial because if you're given an offer of just plead directly to 16 felonies It's my experience that with the state's Overworked caseload and whatnot. He's at least going to get some not guilty from some of them. Yeah, so that's a You know the toothpaste is out of the tube on that one, I guess yeah, it's in So I mean, but conceptually I mean just because we're dealing with this area and you say there's a distinction between a plea and a verdict What? Why do you think that makes any difference in terms of admissibility to show predisposition? Well, one of the arguments I use was to the impeachment issue but as to predisposition I'll just go back to my original point in that My issue is that once it happens after the initial contact with the government agent Then it shouldn't be used as predisposition Maybe as other theories under the law, but predisposition. No You've got about two and a half minutes left Only question I have was this read also, did he also appeal the sentence or just the The conviction No, I raised the sentencing entrapment issue to judge Dawson, but in front of your honors here today, that was not within the briefs Thank you very good Good afternoon, Elizabeth Olsen for the United States The defendant raises several interrelated claims, but they all Sort of at bottom come down to the district court's decision to admit evidence of various criminal acts that Mr. Reid had engaged in and and as mr. Marchesi Pointed out one of those things is sort of not like the other the May 5th 2008 Burglary in which mr. Reid stole the pistol that he brought to the stash house robbery meeting place Mr. Reid actually testified at trial that he committed that burglary because he knew he needed a bigger gun for the stash house Robbery, so so that I think is isn't clearly admissible under 404 B to show preparation And I believe mr. Marchesi has conceded that with respect to the other three the other criminal acts all involve there was a Presidential burglary on December 5th 2007 and a attempted armed robbery in February of 2008 all of those Evidence about each one of those crimes was admissible to show the defendants character The character his character having been placed directly at issue when he made the decision to raise an affirmative Offense defense of entrapment now the district court didn't specifically discuss 405 B rule of evidence 405 B and didn't Didn't cite it, and I don't think any of the parties cited 405 B either, but the district court did correctly instruct the jury that evidence of these crimes could be Considered for whatever however they might bear on the defendants predisposition, and that is You know that is what 405 B says when character is an element of a defense specific instances can be Used to show the defendants character With respect to the timing of Predisposition and this is actually a really interesting question And I think that because if you look at this courts cases not only this courts cases But the Supreme Court's cases Pullman and Jacobson and and even Curtin and even Williams Which which ends up going in our favor on that one? But the language that those decisions use is Exactly precise as it needs to be for the case given the facts of the case at issue So for example Pullman says that the relevant time frame for assessing a defendants predisposition Comes before he has any contact with a government agent Okay, well in the case of Pullman the first contact he had with the government agent was the instigation of the sting Right, I mean it began the the sting began with that first contact whereas in Williams where it was a case like this one a fictional stash house where the defendant had initially met with a paid government informant and then was ultimately brought to the To the undercover agent who proposed the robbery in Williams This court says the question of predisposition is to be determined prior to the time the government agent suggested the criminal activity Okay, and and in and in fact, that's not exactly respectfully that's not exactly right because in Pullman the you know there was this the sting started and the woman the person pretending to be this woman who wanted to Have a man have sex with her young children Started this months of conversation kind of almost grooming Talking him into convincing before she finally Made the offer and once she made the offer the defendant was at a place where he where he said yes But this court said you can't just look at just when the offer was made you have to look at what led up to that Okay, so I think the key for me is that the language in in Pullman Which says that the time frame for assessing predisposition before comes before the defendant has had any contact with a government agent, okay? We know that cannot be read literally Because literally, you know this defendant got a speeding ticket in 1994 and he had contact with a government agent, right? so it can't be literally so the question is what is the constraining principle or the limiting principle and it seems to me that if you read all of these cases regardless of The language that they use kind of for that point what they're talking about is When the defendant first had contact with a government agent in the context of this sting operation right, and so the fact that this defendant met the tattoo artist who was a Confidential informant for the for these ATF guys. He met this tattoo artist in October of 2007 and sold it and sold this Confidential informant a gun and then and so the confidential informant said to the agents. Hey, there's this guy I just got a gun from and then they start Investigating him and they find out that he's a suspect for these burglaries and that he's and then he gets arrested for this Attempted armed robbery and then as they get more information That leads them to believe that this is a dangerous criminal who needs to be taken off the street Then they decide to propose this Undercover to do this reverse sting to propose this stash house robbery to him now to say that The fact that he happened to have met this this confidential informant several months earlier means that all of the information on which the Agent based the decision to target this individual to propose this thing that none of that can be used because of the fortuity that he happened to meet this Tattoo artist in October of 2007. That's I mean, that's really as absurd as saying Well, you know, I got a speeding ticket in 1994. And so I had government contact and anything after that can't be used all of these with the exception of that May 5th, which was the burglary that was specifically committed in preparation for the stash house these other events the the the home home invasion Burglaries in December of 2007 and the attempted robbery of a drug dealer in February 2008 We're completely independent of this sting operation and and in fact, we're completely independent of the confidential informant So which is why this is even stronger than the case in Williams because in Williams the the paid government informant was actually engaged in criminal activity with the defendant and even then That this court said that you could look at those that criminal activity that he conducted with the with the Confidential informant or with the paid informant as evidence of predisposition because it all happened before the instigation of the state I think that needs to be the Now because of that and because it's all admissible under 405 B you don't really have to address the question if you don't want to about about 609 and whether a felony conviction whether a guilty plea Constitutes a felony conviction that is admissible under 609 But but that's also an interesting question. And if the court wants to reach it, I Think that I can't remember. I think it might have been judge Gould who said well, what's I'm sorry judge Thomas what's the difference between a verdict a guilty verdict and a guilty plea and And I guess our the government's argument is that there shouldn't be one in term in in this context that when That it is in the court's interest and it's in the in the judicial system's interest to ensure that when a defendant stands up in court raises his hand swears to tell the truth and admits that he committed these crimes The question of whether he committed those crimes is now off the table. I mean, that's that's been decided That's been admitted. And of course, yes There are situations in which a defendant can be permitted to withdraw his plea the same way you know of a guilty verdict can be overturned on appeal and and rule 609 specifically says that just because a case is on appeal and Could possibly be reversed that guilty verdict is still admissible under 609 so I would say that for the same reason because you know, because The colloquy that goes into a rule 11, I mean the rule 11 colloquy before someone is permitted to plead guilty Emphasizes that this is a solemn Real situation that has absolute consequences from the moment you plead guilty No federal court in Federal court. Well, although I think I mean there are some states where they the colloquy is pretty. Yeah Yeah, I and the district court did I mean obviously this this particular issue didn't come up Or I don't I'm not sure that this was To what extent this was discussed? I know that the that the colloquy of the guilty plea in the state court to these 16 felonies and and also these 16 felonies all involved those three crimes that the The robbery on December 4th, December 5th and May 8th. They were I mean there were several Statutes violated with respect to each one of those acts, but they were But they were just those three incidences And the district court did have that Probably probably shouldn't say that I'm pretty sure the district court had the guilty plea colloquy before it. I know I've read it. So and Unless the court has other questions questions. All right. Thank you Just Briefly and this might have been my error and when I did the briefing as the predisposition, um, I agree that Part of my argument is that I take a more literal reading of Pullman and its litany however, I would agree with the government in that if my client had a speeding ticket in 1994 and it was a completely separate government agent than the ones that he was dealing with in here if it was relevant in some Way shape or form and yes, that's going to come in for predisposition However, my argument here is I'm not talking about predisposition I'm when I'm talking about the predisposition should begin it began when he had contact with this individual named fat cat The individual that was the government agent in our argument because he was working for the government And he also was the one that introduced my client to agent McCarthy One of the ATF agents that was a part of this investigation and sold a gun to him So it wasn't just that he met fat cat and then all of a sudden he met these agents Who went ahead and proposed this stash house robbery. There was a little bit more communication with the parties Okay Interesting case both of them. I thank you both for your arguments and again We court thanks you for your patience this morning in the long calendar and we'll be in recess
judges: Thomas, Gould, Bybee